Estate of Carrie Stark Newberry, Deceased, William F Newberry, Executor, v. Commissioner.
Estate of Carrie Stark Newberry v. Commissioner
Docket No. 8211.
United States Tax Court
1947 Tax Ct. Memo LEXIS 221; 6 T.C.M. (CCH) 455; T.C.M. (RIA) 47113; April 30, 1947
Rolland Lee Nutt, Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent has made a determination of deficiency in estate tax in the sum of $70,665.74. That part of this amount is here in issue which results from respondent's determination that the corpus of a trust created by decedent's husband, concurrently with the creation of a similar trust in the same amount by decedent, is includible in decedent's gross estate. Findings of Fact William F. Newberry is the executor of the estate of Carrie Stark Newberry who died on March 15, 1941. The state tax return of decedent's *222 estate was filed with the collector of internal revenue at Newark, New Jersey. William F. Newberry was also decedent's husband. Prior to his retirement he had long been employed by F. W. Woolworth Co. as an executive. Both he and his wife had considerable property, and each had a large income. In 1931 decedent's gross income was approximately $31,500, and her husband's income was approximately $60,000. Each of them owned a large amount of the stock of F. W. Woolworth Co., which had paid for many years a regular annual dividend of $2.40 per share. In 1932 decedent and her husband had two children, a son 26 years old, and a daughter 30 years old. The husband of decedent had long been concerned with inculcating in his children habits of thrift and financial prudence. He was anxious that they not have too much money in their control at too early an age, and at the same time he wished for them to have future financial security. On May 23, 1932, decedent transferred to a corporate trustee ten thousand shares of the common stock of F. W. Woolworth Co., and executed a trust instrument which provided that the income of the trust should be paid in quarterly installments to her husband *223 during his life, with the right in him to invade the trust corpus to an extent not to exceed $20,000 in any calendar year, and that, on his death, the principal of the trust then remaining was to be divided into two equal parts, the first to be held in trust for the life of their daughter, the income to be payable to her during such time, remainder to her issue, or upon failure of issue, to the son of the decedent and her husband; the second part was to be held in trust until the son of the grantor achieved the age of thirty-five years, at which time the corpus was to be paid over to him, the income meanwhile to be paid to him. At the same time, and at the same place, decedent's husband transferred the same number of shares of the same stock to the same corporate trustee, and executed a trust instrument containing the same phraseology and provisions, except that decedent, was named therein as life beneficiary with the right to invade the trust corpus. These trusts were created after frequent consultations by decedent's husband with his financial advisers, and by decedent and her husband with their attorney, and after discussions between themselves. Decedent and her husband lived *224 together in mutual trust and confidence. Both of them knew the general provisions of the trust instruments, which they executed but the form and technical provisions of the instruments were determined by their attorney. At the time the instruments were drafted, the attorney was aware of the Congressional adoption of the Joint Resolution of March 3, 1931. Opinion KERN, Judge: Upon the facts presented in this proceeding, we must hold, as we did in Estate of John H. Eckhardt, 5 T.C. 673, 682, that decedent and her husband "did not create their respective trusts independently of each other and without any prior concert of action or understanding. From the evidence, we are satisfied that these trusts were executed under such circumstances as would justify the respondent in determining that they were reciprocal and executed in consideration of one another. The evidence submitted in behalf of the petitioner was not sufficient to rebut the presumption of the correctness of that determination." It therefore follows that decedent is to be considered, for estate tax purposes, as the real settlor of the trust which, in the form, was created by her husband. Lehman et al. v. Commissioner, 109 Fed. (2d) 99; *225 Cole's Estate v. Commissioner, 140 Fed. (2d) 636. Consequently, the value of the corpus of that trust was properly included in the decedent's gross estate pursuant to the provisions of section 811(d)(2) of the Internal Revenue Code. Upon the issue presented we decide in favor of respondent. Decision will be entered under Rule 50.